MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

INSURANCE, § 821*—*when policy not avoided by false description of beneficiary.* In an action to recover on a benefit certificate issued by defendant, a fraternal beneficiary society, the member falsely represented as his wife one of the beneficiaries named therein who in reality was a woman with whom insured was living in adultery, which false statement was also incorporated in the policy, but where insured contracted a legal marriage with such beneficiary prior to his death, a judgment for plaintiffs for $2,100, the amount of the certificate, with interest, *held* not erroneous, for the reason that statements in such certificates as to the relation which the designated beneficiary bears to insured are *descriptio personae*, not affecting the designation if the beneficiary is otherwise eligible, and because where the eligibility of a beneficiary depends on such beneficiary's sustaining a particular relation to insured, such eligibility is determinable as of the time of death of insured, and so determined, such statement was true.

---

## Nathan K. Aranoff, Appellant, v. Adolph Major, Appellee.

### Gen. No. 20,875.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

## Statement of the Case.

Bill by Nathan K. Aranoff, complainant, against Adolph Major, defendant, in the Superior Court of Cook county, to enjoin defendant from negotiating or transferring three promissory notes of $1,500 each, and

to compel defendant to indorse on each of said notes a payment of $1,000. From a decree dismissing the bill for want of equity, plaintiff appeals.

Moses, Rosenthal & Kennedy and Oscar Blumenthal, for appellant; Walter Bachrach, of counsel.

M. H. Hoey, for appellee.

Mr. Presiding Justice Gridley delivered the opinion of the court.

### Abstract of the Decision.

Bills and notes, § 451*—*when evidence insufficient to show payment.* On a bill to restrain defendant from negotiating promissory notes, and to compel the indorsement thereon of certain payments alleged to have been made by plaintiff, a decree approving the master's report that such payments were not in fact made as alleged, and dismissing the bill for want of equity, *held* warranted by the evidence.

———————

## Maremont, Wolfson & Cohen Company, Appellees, v. Schwarzschild & Sulzberger Company, Appellant.

### Gen. No. 20,882.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. Henry C. Beitler, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed October 5, 1915.

### Statement of the Case.

Action by Maremont, Wolfson & Cohen Company, a corporation, plaintiff, against Schwarzschild & Sulz-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.